IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DENEEN PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:09-cv-1032-MEF-TFM |
| | ) | (WO – Publish) |
| PASCHALL TRUCK LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Deneen Pritchett ("Pritchett" or "Plaintiff") brought this case against Paschall Truck Lines, Inc. ("Paschall" or "Defendant"), claiming that Paschall engaged in unlawful employment practices, discrimination, harassment, and retaliation. (Doc. #1). Now pending before this Court is Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. #4). For the reasons set forth in this Memorandum Opinion and Order, that motion is due to be DENIED. The case will be TRANSFERRED to the United States District Court for the Western District of Kentucky.

### II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental). The parties do not contest personal jurisdiction, and the Court finds adequate allegations in support of personal jurisdiction. Defendant contests venue with its pending motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows defendants to challenge the propriety of the venue selected by plaintiffs by filing a motion to dismiss on the ground of improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  When venue is challenged by a Rule 12(b)(3) motion, the plaintiff has the burden of showing that venue in the forum is proper.  *Id.*; *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001).

A court "must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper."  *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).  The court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case.  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).  A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *Wai*, 315 F. Supp. 2d at 1268; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir. 1990) (holding that courts should apply the summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction or a related type of motion, including ones for improper venue).

### IV. FACTUAL AND PROCEDURAL BACKGROUND

Paschall employed Pritchett as a truck driver beginning on or about October 13, 2008. Paschall is headquartered in Murray, Kentucky, maintains its employment records at its headquarters, and does not maintain any relevant employment records in Alabama. Defendant states that Pritchett went to Murray, Kentucky to execute all necessary paperwork for hiring. On October 14, 2008, Pritchett signed a form acknowledging that she was a Kentucky employee and that Paschall has its principal place of business in Kentucky. Defendant further states that Pritchett was dispatched out of Murray, Kentucky and reported to supervisors located in Murray, Kentucky.

Pritchett, designated as a trainee, was assigned to drive a truck with another trainee named Brian Reber ("Reber") in early November 2008. Pritchett and Reber drove a truck from Chicago to San Bernandino, California. Plaintiff alleges that during the drive Reber sexually harassed her on several occasions "by subjecting her to unwelcome sexual comments and touching." Plaintiff also says she found a letter written by Reber which referenced her and caused her concern and fear. Plaintiff indicates that she contacted Paschall several times about Reber's harassment, but Paschall took no action to keep her safe, end the harassment, or return her to her home in Alabama. Police removed Pritchett from the truck in San Bernandino after receiving a call from her boyfriend, and, after spending the night in a homeless shelter, she bought a bus ticket to Alabama using money wired by her mother. Plaintiff states that she called for further job assignments, but Paschall never contacted her with further information, though its representative said it would. Plaintiff alleges that these actions constituted constructive termination.

Pritchett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 26, 2009.  She received a right-to-sue letter from the EEOC dated August 12, 2009 and filed this action on November 10, 2009, within 90 days of receiving her right-to-sue letter.

## V. DISCUSSION

### A. Propriety of Venue

Courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391, "except as otherwise provided by law."  28 U.S.C. § 1391(b).  Title VII includes its own venue provision, 42 U.S.C. § 2000e-5(f)(3), which supersedes the general venue provision of § 1391.  *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.").

Title VII's venue provision states:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Therefore, an action may be brought (1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the

employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the judicial district where the defendant's principal office is located.  Venue is improper in the Middle District of Alabama if this jurisdiction satisfies none of the venue requirements listed in § 2000e-5(f)(3).  *Id.*; *see Buesgens v. Coates*, 453 F. Supp. 2d 1, 3 (D.D.C. 2006) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements in 42 U.S.C. § 2000e-5(f)(3), venue is improper.").

Defendant argues that Plaintiff has failed to allege that any unlawful employment practice occurred in Alabama, that Defendant maintains employment records in this district, that Plaintiff would work out of this district in the absence of a Title VII violation, or that Defendant has its principal office in this district.  Defendant argues that Plaintiff was an employee in Kentucky.  Plaintiff responds that her complaint does allege unlawful employment practices that occurred in Alabama.  Specifically, Plaintiff argues that the actions giving rise to her retaliation claim occurred in Alabama because she made a phone call from Alabama to a dispatcher for Paschall that was never returned.[1]

---

[1] Plaintiff also argues that Defendant is "judicially and collaterally estopped" from arguing that Plaintiff was a Kentucky employee because Defendant "appear[ed]" telephonically in Alabama to contest her claim for unemployment benefits.  Plaintiff's argument is without merit, as neither party has presented any evidence that proper venue under Title VII has been previously litigated in this case.  *See New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (stating that the discretionary doctrine of judicial estoppel prevents a party from successfully maintaining a certain position in a legal proceeding, then later assuming a contrary position in another legal proceeding); *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1291 (11th Cir. 2009) (noting that collateral estoppel precludes a court from relitigating an issue that

As noted above, once the defendant challenges venue through a 12(b)(3) motion, the plaintiff is put to the burden of proving venue.  Though Plaintiff does not concede that she cannot prove venue on the final three prongs of 42 U.S.C. § 2000e-5(f)(3), she does state in her response brief that she "relies for venue in this case on the first provision."  She presents no evidence for venue due to the location of employment records pertaining to the alleged Title VII violation,[2] the location where she would have worked had there been no Title VII violation, or the location of Paschall's principal office.[3]  In short, Plaintiff only attempts to satisfy her burden of proving venue by proving that alleged Title VII violations occurred in Alabama.

Furthermore, though Plaintiff does not concede that only her retaliation claim supports venue in Alabama, she states that "[t]he actions giving rise to [the] hostile work environment claim occurred in several states between Chicago, IL and San Bernardino, CA.  However, the actions giving rise to . . . retaliation[] occurred in Alabama."  Plaintiff asserts three claims in her complaint: (1) hostile work environment, (2) retaliation, and (3) negligent/wanton hiring, training, supervision, and retention.  She makes no attempts in her response to the

---

had previously been fully litigated between the same parties in a dispute resulting in a final decision from a court of competent jurisdiction).

[2] Plaintiff does argue that her pay checks were mailed to Alabama.  However, there does not appear to be a connection between these records and the claims in Plaintiff's complaint, nor does Plaintiff attempt to make such a connection.

[3] Plaintiff does argue that Defendant has a "presence" in Alabama, doing business in the state and locating a "drop lot" in Saraland, Alabama.  However, Plaintiff presents no evidence that a "drop lot" is Defendant's principal office.

motion to dismiss to prove that any of the actions giving rise to the hostile work environment claim occurred in Alabama. Plaintiff's negligent/wanton hiring, training, supervision, and retention claim is a state law claim irrelevant to the Title VII venue provision. *See* 28 U.S.C. § 1367 (supplemental jurisdiction). Therefore, Plaintiff may only prove venue by proving that the alleged retaliation occurred in Alabama. *See, e.g., Pinson*, 192 F. App'x at 817 (stating that the plaintiff "did not introduce any evidence demonstrating, and, thus, did not meet his burden to establish" venue under Title VII).

Plaintiff argues that the actions giving rise to her retaliation claim occurred in Alabama. She states that, upon being removed from her truck in California, she took a bus back to her home in Montgomery, Alabama. While in Alabama, Plaintiff claims that she called a dispatcher for Paschall concerning further job assignments. Plaintiff states that the dispatcher never got back to her with any assignments, though he claimed he would. Plaintiff argues this is constructive termination made in retaliation for her complaints about alleged unlawful sexual harassment. Defendant states that the failure to return a phone call to Alabama does not create alleged retaliation in Alabama.

Defendant has the better of this argument. The alleged retaliation is a decision to withhold all future job assignments as a result of Pritchett's reports of alleged sexual harassment. This would not occur at the receiving end of a phone call never made to Alabama. The decision to act in a retaliatory manner would have been made by Paschall at Paschall's location in Murray, Kentucky. Plaintiff cannot rely upon her retaliation claim to create venue in Alabama under Title VII. Therefore, Plaintiff has failed to meet her burden

-7-

of proving that venue is proper in the Middle District of Alabama.

**B. Transfer or Dismissal**

Plaintiff argues in the alternative that this Court should transfer her case rather than dismiss it. Defendant responds that this case does not present the proper circumstances for a transfer.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This statutory language is sufficiently broad "to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Generally, the court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling her claim. *Goldlawr*, 369 U.S. at 466–67; *see also El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) ("Generally, transfers based on the interest of justice are favored over the dismissal of actions.").

The Court concludes that transfer is more appropriate than dismissal in this case. Plaintiff received a right-to-sue letter dated August 12, 2009 which required her to file suit within 90 days of receipt of the notice. If the Court were to dismiss Plaintiff's case for improper venue, she would be time-barred from filing her claims in another, proper venue. *See, e.g.*, *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (noting that when a Title VII claim is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90-day limitations period); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d

1188, 1191 (5th Cir. 1992) (same).  Therefore, the case should be transferred.  *See Slatick*

*v. Director, OWCP, U.S. Dept. of Labor*, 698 F.2d 433, 434–35 (11th Cir. 1983) (finding that

a transfer was required when the case would be time-barred by the time it was dismissed);

*Minnette*, 997 F.2d at 1026–27 (holding that transfer under § 1406(a) was in the interest of

justice when the 90-day limitations period in a Title VII case had expired).

The Court determines that, based on the factual assertions in this Title VII case, venue

would be appropriate in the United States District Court for the Western District of

Kentucky.  The alleged harassment could have occurred in several states from Illinois to

California.  However, the relevant employment records and Plaintiff's employment in the

absence of the alleged unlawful employment practice are both in Murray, Kentucky, within

the Western District of Kentucky.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's motion to dismiss

(Doc. #4) is DENIED.  This case is TRANSFERRED to United States District Court for the

Western District of Kentucky.  The clerk of the court is DIRECTED to take all necessary

steps to effect the transfer.

DONE this the 28th day of May, 2010.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE